UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MICHAEL PERRY,

              Petitioner,                          Case No. 21-cv-12139

v.                                           Honorable Denise Page Hood

GEORGE STEPHENSON,

              Respondent.

_____/

## OPINION AND ORDER GRANTING THE STATE'S MOTION TO HOLD THE ORDER FOR RESPONSIVE PLEADING IN ABEYANCE (ECF No. 7) AND GRANTING PETITIONER'S MOTION TO STAY THE HABEAS PROCEEDINGS (ECF No. 6)

This is a *pro se* habeas corpus case under 28 U.S.C. § 2254. Petitioner Charles Michael Perry is challenging his plea-based convictions for an assault and three weapon offenses. His current claim alleges that the state trial court abused its discretion when it denied his motion to withdraw his no-contest plea.

The Court ordered the State to file a responsive pleading (ECF No. 4), but before the State could file a response to the habeas petition, Petitioner moved for a stay and to have his habeas petition held in abeyance while he exhausts state remedies for four new claims. (ECF No. 6.) The State then asked the Court to hold its order for responsive pleading in abeyance pending a decision on Petitioner's motion for a stay. (ECF No. 7.) Because the Court believes that a stay is appropriate,

the Court will hold the order for responsive pleading in abeyance and grant Petitioner's motion for a stay.  The Court will also close this case for administrative purposes.

## I.  BACKGROUND

Petitioner initially was charged in Oakland County, Michigan with assault with intent to commit murder, felon in possession of a firearm, carrying a concealed weapon (CCW), and two counts of possession of a firearm during the commission of a felony (felony firearm).  Petitioner pleaded no contest in Oakland County Circuit Court to a reduced charge of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and the three weapon offenses:  CCW, Mich. Comp. Laws § 750.227; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and the two counts of felony firearm, Mich. Comp. Laws § 750.227b. Petitioner subsequently moved to withdraw his plea, but the trial court denied his motion.  The court then sentenced Petitioner to 13 to 50 years in prison for the assault conviction, 3 to 25 years in prison for the felon-in-possession and CCW convictions, and 2 years for the felony-firearm convictions.

Petitioner applied for leave to appeal, claiming that the trial court abused its discretion when it denied his motion to withdraw his plea.   The Michigan Court of Appeals granted leave to appeal, but it affirmed Petitioner's convictions and held that the trial court did not abuse its discretion when denying Petitioner's motion to

withdraw his plea.  *See People v. Perry*, No. 343092, 2019 WL 2063314 (Mich. Ct. App. May 9, 2019).  Petitioner appealed to the Michigan Supreme Court, which denied leave to appeal on July 28, 2020, because it was not persuaded to review the questions presented to the court.  *See People v. Perry*, 506 Mich. 852; 946 N.W.2d 257 (2020).

On August 31, 2021, Petitioner filed his habeas corpus petition.  The sole ground for relief in his supporting brief reads:

> The trial court abused its discretion when it denied plea withdrawal under MCR 6.310(B); Mr. Perry has a due process right to plea withdrawal where he was denied his right to the effective assistance of counsel, the plea was not understanding, and the plea was coerced.

(ECF No. 1, PageID.17.)

On September 22, 2021, the Court ordered the State to file a response to the petition by November 28, 2021, *see* ECF No. 4, and on October 20, 2021, Petitioner filed his motion to stay and to abey the habeas proceedings, *see* ECF No. 6.  He seeks a stay while he exhausts state remedies for the following new claims:

> I.    Mr. Perry was denied due process under state and federal law when he was not informed of the maximum possible prison sentence for his offenses.  As a result of the defect in the plea proceedings, he is entitled to withdraw his plea.
>
> II.   Mr. Perry was denied due process under state and federal law when he was not informed that his felony firearm sentence was a mandatory two years, or that it must be served *prior* to any other sentences.

III.   Mr. Perry was denied his Sixth Amendment right to the effective assistance of counsel during the plea-taking process when counsel failed to object to the trial court's failure to advise Perry of the maximum possible sentence for numerous offenses and failed to advise him of the mandatory minimum required for felony firearm.  Alternatively, counsel was ineffective for failing to personally advise Perry of these penalties.

IV.   Appellate counsel provided deficient performance which resulted in a loss on direct appeal when she failed to raise significant and obvious issues on direct appeal.  This ineffective assistance constitutes good cause and actual prejudice.

(ECF No. 6, PageID.117-18.)  The State has asked the Court to hold its order requiring a responsive pleading in abeyance pending a ruling on Petitioner's motion for a stay.  (ECF No. 7.)

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan*, 526 U.S. at 845, 847.  To properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a

federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner apparently exhausted state remedies for his current claim about the trial court's denial of his motion to withdraw his no-contest plea, but he has not exhausted state remedies for the four claims listed in his motion for a stay.

District courts ordinarily have authority to issue stays. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). And in *Rhines,* the Supreme Court approved a "stay and abeyance" procedure which allows a district court to stay a case and to hold a habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *See id*. at 275-79. "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. This stay-and-abeyance procedure is available in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277-78.

Petitioner's unexhausted claims are not plainly meritless, and he does not appear to be engaged in dilatory tactics. What is more, he alleges that his appellate attorney's ineffectiveness constitutes "good cause" for not raising significant and obvious issues on direct appeal.

Although the Supreme Court addressed a "mixed" petition of exhausted and unexhausted claims in *Rhines*, district courts may delay a decision on a habeas petition with fully exhausted claims when considerations of comity and judicial economy would be served. *Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (quoting *Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 83 (1st Cir. 2002)). Moreover, a dismissal of this case while Petitioner pursues state remedies for his unexhausted claims could result in a subsequent petition being barred by the one-year statute of limitations, 28 U.S.C. § 2244(d)(1).

For all the foregoing reasons, the Court finds that a stay is appropriate in this case. The Court will grant Petitioner's motion to stay and to abey this proceeding, and the Court will postpone the deadline for filing a responsive pleading.

## ORDER

**IT IS ORDERED** that Petitioner's motion for a stay and to abey the habeas proceedings (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion for relief from judgment in the state trial court within **sixty (60) days** of the date of this order if he has not already filed such a motion.

**IT IS FURTHER ORDERED** that Petitioner shall file an amended habeas corpus petition and a motion to re-open this case within **sixty (60) days** of exhausting state remedies if he is unsuccessful in state court. He shall use the same case number

that appears on the first page of this order, and because the amended petition will replace the initial petition, it must contain all the exhausted claims that Petitioner wants the Court to adjudicate.  Any failure to comply with this order could result in the dismissal of this case.  *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the State's motion to hold the order for responsive pleading in abeyance is **GRANTED**.  If necessary, the Court will set a new deadline for the responsive pleading in a future order.

**IT IS FURTHER ORDERED** that this case is now closed for administrative purposes.  Nothing in the order shall be deemed an adjudication of Petitioner's current claim.

**IT IS SO ORDERED**.

s/Denise Page Hood
Chief Judge, United States District Court

Dated:  November 19, 2021

7