UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES M. PERRY,<br><br>　　Petitioner,<br><br>v.<br><br>GEORGE STEPHENSON,<br><br>　　Respondent. | Case No.  21-cv-12139<br><br>Honorable Denise Page Hood |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION TO CLARIFY THE RECORD (ECF No. 18)**

This is a *pro se* habeas corpus case under 28 U.S.C. § 2254. Petitioner Charles Michael Perry is challenging his plea-based convictions for an assault and three weapon offenses.  Presently before the Court is his motion to clarify the record.  (ECF No. 18). For the reasons stated below, the Court grants in part and denies in part the motion.

**I.　　BACKGROUND**

Petitioner initially was charged in Oakland County, Michigan with assault with intent to commit murder, felon in possession of a firearm, carrying a concealed weapon (CCW), and two counts of possession of a firearm during the commission of a felony (felony firearm). Petitioner pleaded no contest in the Oakland County Circuit Court to a reduced

charge of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and the three weapon offenses: CCW, Mich. Comp. Laws § 750.227; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and the two counts of felony firearm, Mich. Comp. Laws § 750.227b.

Petitioner subsequently moved to withdraw his plea, but the trial court denied his motion. The court then sentenced Petitioner to 13 to 50 years in prison for the assault conviction, 3 to 25 years in prison for the felon-in-possession and CCW convictions, and 2 years for the felony-firearm convictions.  Petitioner applied for leave to appeal, claiming that the trial court abused its discretion when it denied his motion to withdraw his plea. The Michigan Court of Appeals granted leave to appeal, but it affirmed Petitioner's convictions and held that the trial court did not abuse its discretion when denying Petitioner's motion to withdraw his plea. *See People v. Perry*, No. 343092, 2019 WL 2063314 (Mich. Ct. App. May 9, 2019). Petitioner appealed to the Michigan Supreme Court, which denied leave to appeal on July 28, 2020, because it was not persuaded to review the questions presented to the court. *See People v. Perry*, 506 Mich. 852; 946 N.W.2d 257 (2020).

On August 31, 2021, Petitioner filed a habeas petition in this Court raising a single claim challenging the trial court's decision denying his motion to withdraw his no-contest plea. (ECF No. 1). Petitioner later moved to stay the case to return to state court to exhaust additional claims, which the Court permitted. (ECF No. 8). On May 4, 2023, Petitioner returned to this Court with an amended petition raising three claims concerning (1) the voluntariness of the no-contest plea, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel. (ECF No. 10). On May 18, 2023, the Court re-opened the case, directing Respondent to answer the amended petition. Respondent has filed an answer and the Rule 5 materials.

Now before the Court is Petitioner's motion to clarify the record. (ECF No. 18). Petitioner seeks to introduce additional facts that were not addressed in Respondent's answer. He also raises additional legal arguments in support of his claims.

## II.    ANALYSIS

First, to the extent that Petitioner seeks to add additional facts into the record that were not presented to the state courts, the Court denies such request. The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A

determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Importantly, Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

Here, Petitioner asserts that Respondent's version of the facts is incomplete as it relies mainly on the facts as stated by the Michigan Court of Appeals. Petitioner asserts that "there existed a different version of events supported by Perry and his wife." (ECF No. 18, PageID.949). Petitioner claims that this version of events was not presented to the state courts because defense counsel failed to investigate the case. However, the Court cannot consider these additional facts because it is limited to the

4

record before the state courts.  Thus, the Court denies Petitioner's request to clarify the record with additional facts not presented in state court.

Second, Petitioner's motion appears to raise legal arguments replying to Respondent's answer.  To the extent that Petitioner seeks to use his motion to serve as his reply, the Court will consider his legal arguments when deciding the merits of the habeas petition.  The Court therefore will grant Petitioner's motion with respect to clarifying his legal arguments.

### III.   CONCLUSION

For the reasons stated the Court **GRANTS** in part and **DENIES** in part the motion to clarify the record.  (ECF No. 18).

**IT IS SO ORDERED.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  July 9, 2024