**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES M. PERRY,

Petitioner,

v.

CASE NO. 2:21-CV-12139
HON. DENISE PAGE HOOD

JEFF TANNER,

Respondent.
______________________________/

**OPINION AND ORDER DENYING THE HABEAS PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

Michigan prisoner Charles M. Perry ("Petitioner"), currently confined at the Macomb Correctional Facility in New Haven, Michigan has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, and pleaded guilty to felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1),

in the Oakland County Circuit Court. He was sentenced to 13 to 50 years in prison on the assault conviction, concurrent terms of 3 to 25 years in prison on the felon in possession and concealed weapon convictions, and two years in prison on the felony firearm convictions to be served concurrently to each other and consecutively to the other sentences in 2017. In his habeas petition, as amended, he raises claims concerning the voluntariness of his plea and the effectiveness of trial and appellate counsel.

For the reasons stated herein, the Court denies the habeas petition, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from a payment dispute with Edward Thorn, Jr., the victim of the assault, who he had hired for a paint job. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> At defendant's preliminary examination, the complainant testified that defendant had hired him to do some painting, which resulted in a dispute over payment. While that dispute was ongoing, the complainant saw defendant's wife when he went to his doctor for a scheduled visit. There was a two-minute verbal exchange between them, after which she called defendant. In response to her call, defendant went to the office. He approached the complainant in the waiting room and suggested they go outside.

The complainant testified that defendant told him he would not pay him any more money. Defendant then threatened to kill him, pointed a gun at him, discharging the weapon two or three times at least once while the complainant was running away. The complainant was not injured.

Defendant was initially charged with assault with intent to commit murder, felon in possession of a firearm, and carrying a concealed weapon, along with two counts of felony firearm. Defendant, who was 60 years old at the time, was subject to an enhanced habitual offender statute that required a minimum sentence of 25 years in prison. The prosecution offered defendant a plea agreement. Defense counsel communicated the offer to his client. The prosecutor offered to dismiss the assault with intent to murder charge and to amend the habitual in exchange for guilty pleas to the charges of CCW, felon in possession, an amended charge of assault GBH, and to the felony-firearm attached to the assault charge. It was further offered that the prosecutor would agree to concurrent sentences for the felony-firearm convictions and a minimum of 15 years—two years for the felony-firearm and 13 years for the assault GBH.

Less than one hour later, at approximately 10:20 a.m., defendant appeared before the judge, and his counsel requested additional time in which defendant might consider the offer. The judge granted the request and the session resumed at 1:10 p.m. At that time, defendant accepted the offer. As defendant admits, the trial court complied fully with MCR 6.302; defendant answered all of the questions under oath in a way that satisfied the court that the plea was understood and voluntary; and the attorneys confirmed that it was accurate. Defendant also completed and signed a form to the same effect. The trial court accepted the plea and set a date for sentencing.

Two weeks later, defendant filed a pro se motion to dismiss his counsel and withdraw his plea. On the date originally set for sentencing, the court agreed to appoint new counsel for defendant. At the next scheduled sentencing date, defendant's new counsel requested time in which to file a motion to withdraw

> defendant's plea in supplementation of defendant's pro se motion, and the court agreed. At the hearing on that motion, defendant argued that his original counsel had not provided him with meaningful representation and had been wholly unprepared for trial on the scheduled date. In support of these contentions, defendant relied on two letters written five and a half weeks before the date scheduled for trial to the prosecutor and the court. Both letters addressed his dissatisfaction with his then trial counsel. He also claimed that he was innocent and had acted in self-defense. Defendant argued that, based on his counsel's ineffectiveness in being unprepared for trial, he was coerced into accepting the plea agreement to avoid conviction and a 25-year minimum sentence. The trial court denied the motion. At a hearing the following day, the trial court sentenced defendant pursuant to the plea agreement.

*People v. Perry*, No. 343092, 2019 WL 2063314, *1-2 (Mich. Ct. App. May 9, 2019).

Following sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, asserting the trial court abused its discretion in denying his motion to withdraw his plea, again claiming that defense counsel was ineffective and that he had a defense to the charges. The Michigan Court of Appeals granted leave to appeal, but denied relief on those claims and affirmed his convictions. *People v. Perry,* No. 343092, 2019 WL 2063314, *2-3 (Mich. Ct. App. May 9, 2019). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Perry*, 506 Mich. 852, 946 N.W.2d 257 (2020).

Petitioner thereafter filed his initial federal habeas petition raising the same claim(s) that he raised on direct appeal. ECF No. 1. He also moved to stay the proceedings so that he could return to the state court to exhaust additional claims. ECF No. 6. The Court granted that motion, stayed the proceedings, and administratively closed the case. ECF No. 8.

Petitioner then filed a motion for relief from judgment with the state trial court raising claims concerning the knowing, intelligent, and voluntary nature of his plea and the effectiveness of trial and appellate counsel. ECF No. 17-12. The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3), concluding that Petitioner failed to establish good cause or actual prejudice for failing to raise the claims on direct appeal and that appellate counsel was not ineffective. ECF No. 17-14. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied because he "failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Perry*, No. 361201 (Mich Ct. App. Sept. 29, 2022). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Perry*, _ Mich. _, 985 N.W.2d 518 (Mich. 2023).

Petitioner then returned to federal court and filed a pro se amended habeas petition. He raises the following claims:

I. His plea-based conviction(s) must be reversed where the plea was not knowingly, intelligently, or voluntarily tendered, but instead was the result of coercion. The state court's decision is contrary to clearly established federal law and is unreasonable in light of the evidence presented.

II. Habeas relief is required where he was denied his Sixth Amendment right to the effective assistance of counsel during the plea proceedings. Alternatively, he was constructively denied counsel during critical stages. The state court's decision is contrary to clearly established federal law.

III. He was denied his Sixth Amendment right to the effective assistance of counsel on appeal, thereby establishing good cause and actual prejudice. The state court's determination of this issue was objectively unreasonable and an unreasonable application of federal law.

ECF No. 10-1, PageID.142-145. Respondent has filed an answer to the amended petition contending that it should be denied because certain claims are unexhausted and/or procedurally defaulted and all of the claims lack merit. ECF No. 16.

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by

prisoners challenging their state convictions and sentences. The AEDPA provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to

the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. To find a state court's application of Supreme Court precedent unreasonable, the state court's decision "must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-521 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

A state court's ruling that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

decision" of the Supreme Court. *Id.*; *see also Mays v. Hines*, 592 U.S. 385, 391 (2021) (confirming that a federal court must consider all of the reasons and evidence supporting the state court's decision).

To obtain federal habeas relief, a state prisoner must show that the state court's denial of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-420 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A petitioner cannot prevail so long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to determining whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"

*Harrington*, 562 U.S. at 100. It "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

The requirements of clearly established law are determined solely by Supreme Court precedent. Circuit precedent "does not constitute 'clearly established federal law as determined by the Supreme Court'" and cannot provide a basis for federal habeas relief. *Kernan v. Cuero*, 583 U.S. 1, 8 (2017) (per curiam). *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam). Lower federal court decisions, however, may be useful in assessing the reasonableness of a state court's ruling. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Wood v. Allen*, 558 U.S. 290, 293 (2010); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quotation marks

and citation omitted). Habeas review is also “limited to the record that was before the state court.” *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. DISCUSSION

### A. Unexhausted Claim

As an initial matter, Respondent contends that Petitioner’s claim that he was constructively denied defense counsel is unexhausted and now procedurally defaulted because Petitioner did not raise the issue in the state courts on direct appeal or collateral review and no longer has an available remedy in the state courts. This Court agrees.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (“state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State’s established appellate review process”); *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be “fairly presented” to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal

constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-135 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record indicates that Petitioner did not raise this specific claim on direct appeal or collateral review in the state courts. The claim is therefore unexhausted. Petitioner no longer has an available means by which to exhaust his claims since he has already filed a motion for relief from judgment with the state trial court. Any attempt to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment. *Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). The unexhausted claim does not fall within the exceptions for filing a second motion.

Because Petitioner has not exhausted this claim in the state courts and no longer has an available remedy by which to do so, the claim is now procedurally defaulted. When a habeas petitioner fails to properly present a claim to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted that claim for purposes of federal habeas review. *See Gray v. Netherland*, 518 U.S. 152, 161-162 (1996); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-751 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-785 (6th Cir. 1996).

Petitioner neither alleges nor establishes cause to excuse this procedural default. Any failings by appellate counsel on direct appeal do not excuse Petitioner's failure to exhaust this claim on collateral review. A

prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). Because Petitioner fails to establish cause to excuse this procedural default, the Court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Petitioner also fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-480 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. This claim is thus unexhausted, barred by procedural default, and does not warrant habeas relief.

## B. Procedural Default of Collateral Review Claims

Respondent also asserts that Petitioner's collateral review claims that his plea was not knowing because the trial court did not advise him of the maximum sentences for the felon in possession and carrying a concealed weapon offenses and did not advise him of the mandatory consecutive sentencing for the felony firearm offenses are barred by procedural default because he first raised those issues on collateral review and the Michigan courts denied relief pursuant to Michigan Court Rule 6.508(D)(3).

As discussed, federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright*, 433 U.S. at 85-87; *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Bickham v. Winn*, 888 F.3d 248, 251 (6th Cir. 2018); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly'

states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-264 (1989). The last explained state court ruling is used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-805 (1991).

Petitioner first presented these claims to the state courts in his motion for relief from judgment. The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. Mich. Ct. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has held that the form orders used by the Michigan appellate courts to deny leave to appeal in this case is unexplained because the citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *Guilmette v. Howes*, 624 F.3d 286, 291-292 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" any unexplained orders of the Michigan appellate courts to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the Michigan Court of Appeals denied leave to appeal on collateral review ruling that the trial court did not err in denying the motion for relief from judgment, and the trial court denied relief on the claims ruling that Petitioner had not shown cause and actual prejudice under Michigan Court Rule 6.508(D)(3) for failing to raise the claims on direct appeal. The state courts clearly relied upon a procedural default to deny Petitioner relief on these collateral review claims (although not the ineffective assistance of appellate counsel claim itself). These claims are procedurally defaulted.

As discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley*, 87 F.3d at 784-785. To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis

for a claim was not reasonably available. *McCleskey v. Zant*, 499 U.S. 467, 493-494 (1991).

Petitioner asserts ineffective assistance of appellate counsel as cause to excuse this procedural default. The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Appellate counsel's failure to raise an issue on appeal can serve as cause for a procedural default if the error rises to the level of ineffective assistance of counsel. *See Murray*, 477 U.S. at 488-489; *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020).

To establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Judicial scrutiny of counsel's performance is thus "highly deferential." *Id*. at 689. The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-752). To prevail on an ineffective assistance claim in the appellate context, the petitioner must demonstrate that the issue omitted by counsel "was clearly stronger than issues that counsel did present," and that there is "a reasonable probability that he would have prevailed but for counsel's failure to raise the issue." *Dennis v. Burgess*, 131 F.4th 537, 539-540 (6th Cir. 2025) (citations and internal quotations omitted).

Petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised substantial issues on direct appeal challenging the trial court's denial of Petitioner's plea withdrawal motion, including claims concerning the voluntariness of his plea and the effectiveness of counsel. Even if appellate counsel erred, Petitioner cannot show that he was prejudiced by appellate counsel's conduct (or demonstrate prejudice to excuse the procedural default) because the defaulted claims lack merit for the reasons stated by Respondent. *See* Resp. Ans., ECF No. 16, PageID.228-234. Petitioner fails to establish that appellate counsel erred and/or that he was prejudiced by counsel's conduct. He fails to establish cause and prejudice to excuse this procedural default.

As previously discussed, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. He offers no new, reliable evidence of his actual, factual innocence. These collateral review claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

**C. Direct Appeal Claim(s)**

Petitioner asserts that he is entitled to habeas relief because the trial court erred in denying his plea withdrawal motion, alleging that his plea was involuntary, the defense counsel was ineffective in investigating his case and for advising/coercing him into accepting the plea offer, and that he had a defense to the charges. Respondent contends that these claims lack merit and do not justify habeas relief.

Petitioner raised such claims in his plea withdrawal motion and again on direct appeal. The Michigan Court of Appeals denied relief on the claims, ruling that the trial court did not abuse its discretion when it denied Petitioner's plea withdrawal motion. In so ruling, the court briefly explained that Petitioner failed to show that his plea was involuntary, that defense counsel was ineffective, or that he had a defense to the charges. *Perry*, 2019 WL 2063314 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See*

[1]The Court would reach the same result under a de novo standard of review.

*United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Brady v. United States*, 397 U.S. 742, 756 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Id*. at 755. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 60 years old at the time of his plea, could read and write, and was familiar with the criminal justice system as a repeat offender. There is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by accepting the plea offer. The parties discussed the

charges, the terms of the plea and sentencing agreement, and the consequences of the plea. The parties stipulated to the preliminary examination transcript as the factual basis for the plea and Petitioner confirmed facts relevant to the weapons offenses. Petitioner indicated he understood the charges and the agreement, that he consulted with counsel and was satisfied with his advice, that he wanted to enter a plea, and that he had not been threatened to accept the prosecution's offer. Petitioner also signed a written plea and sentencing agreement. Plea Hrg. Tr., ECF No. 5. Petitioner is bound by those statements. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).

Petitioner's statements at the plea hearing – that it was his choice to plead guilty and that he had not been influenced or threatened – belie his claim that he was coerced into pleading guilty. While Petitioner was first presented with the plea offer on the day set for trial, he was given additional time, more than two hours, to consult with counsel (and his wife) and decide whether to accept or reject it. The fact that Petitioner may have subsequently been dissatisfied with his plea or hoped for more lenient treatment does not render his plea involuntary. *See Brady*, 397 U.S. at 757. A defendant "is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the

quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757.

Petitioner asserts that his plea is invalid because he is innocent and/or he could have mounted a defense to the charges. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin*, 395 U.S. at 243). A defendant who pleads guilty or no contest waives all pre-plea issues, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including any claim that he or she had a defense to the charges. Petitioner waived his right to present a defense by pleading no contest. *See Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267; *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).

Petitioner relatedly asserts that trial counsel was ineffective in failing to investigate his case and advising him to accept the plea bargain. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below

an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland*, 466 U.S. at 688). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, the petitioner must demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id*. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The

standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent that Petitioner asserts that trial counsel was ineffective for failing to investigate his case or take other action during the pre-plea period, he is not entitled to relief. As noted, claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea. *Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267. The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that [she] is in fact guilty of the offense with which [she] is charged, [she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty

> plea. [She] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [she] received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply put, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Consequently, Petitioner's claim that counsel was ineffective for failing to take actions or consult with him more during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner also asserts that counsel was ineffective for advising/coercing him to accept the plea rather than preparing a defense to the charges. Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, fails to establish that counsel did not investigate is case or was deficient in advising him about the charges, the plea, or possible defenses. He offers

no proof, other than his own assertions, regarding what defenses or strategies counsel did or did not discuss with him. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689); *see also Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective assistance claim based on counsel's alleged failure to discuss possible defenses where petitioner confirmed his understanding of the plea agreement in court and evidence that counsel failed to discuss defenses consisted only of "self-serving statements").

Although Petitioner asserts that he is innocent and/or believes that he had a defense to the charges, he fails to offer any evidence, other than his own assertions, to support this claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Counsel's strategy in recommending the plea and foregoing other avenues of defense was reasonable given the seriousness of the charges against Petitioner, the significant evidence of guilt presented at pre-trial hearing, namely the victim's testimony, the uncertainties associated with trial, and the lack of a solid defense. Trial counsel was also able to secure the dismissal of the more serious assault with intent to murder charge, which carried a potential life sentence and to secure a sentencing agreement with a 13-year minimum sentence (plus the mandatory consecutive 2-year felony firearm sentence) thereby avoiding a mandatory, habitual offender 25-year minimum sentence. Such a favorable plea and sentencing agreement weighs against a finding that counsel was ineffective. *See Plumaj v. Booker*, 629 F. App'x 662, 667 (6th Cir. 2015) (citing *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). Having reviewed the record, the Court is satisfied that defense counsel was effective and that Petitioner's plea was knowing, intelligent, and voluntary.

Lastly, to the extent that Petitioner asserts that the trial court erred in denying his plea withdrawal motion (or otherwise asserts a violation of state law), he is not entitled to relief. Such claims are not cognizable on habeas review because they are state law claims. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a

knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is not warranted on these claims.

**D. Ineffective Assistance of Appellate Counsel Claim**

Lastly, Petitioner also raises an independent claim that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the collateral review issues on direct appeal. Respondent contends that this claim lacks merit.

Petitioner raised this claim on collateral review in the state courts. The trial court denied relief on this claim, concluding that Petitioner failed to show that appellate counsel's performance fell below an objective standard of reasonableness and/or that he was prejudiced by counsel's conduct. Tr. Ct. Op., ECF No. 17-14.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2] The ineffective assistance of appellate counsel claim, while not itself procedurally defaulted, nonetheless lack merit. As discussed, Petitioner fails to establish that appellate counsel erred by failing to raise the defaulted claims on direct appeal, and the defaulted claims lack merit. Appellate counsel cannot be deemed ineffective for failing to raise issues that lack merit. *See Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner fails to establish that appellate counsel was ineffective. Habeas relief is not warranted on this claim.

---

[2]The Court would reach the same result under a de novo standard of review.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** amended habeas petition.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists could find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness

of the Court's procedural rulings. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: September 30, 2026